1
2
3
4
5

# UNITED STATES DISTRICT COURT

6

## EASTERN DISTRICT OF CALIFORNIA

7
8

CARL ETHRIDGE

9

Plaintiff,

10

11

v.

12

CHILDS, et al.,

13

14

Defendants.

15

_____/

16

CASE NO.    1:10-CV-01962-LJO-MJS (PC)

ORDER   DISMISSING   PLAINTIFF'S
COMPLAINT WITH LEAVE TO AMEND

(ECF NO. 1)

AMENDED   COMPLAINT   DUE   WITHIN
THIRTY DAYS

17

**SCREENING ORDER**

18

**I.    PROCEDURAL HISTORY**

19
20

On October 20, 2010, Plaintiff Carl Ethridge, a state prisoner proceeding pro se and

21

in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

22

Plaintiff's Complaint is now before the Court for screening.

23

///

24
25
26
27

-1-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal ... fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393–94 (1989).

## III.   SUMMARY OF COMPLAINT

Plaintiff is housed at the California Department of Corrections and Rehabilitation, Corcoran Substance Abuse Treatment Facility and State Prison, ("CSATF/SP").

The Complaint alleges that the following named Defendants, in their official and individual capacities, violated Plaintiff's constitutional rights: (1) Hernandez, Associate Warden at CSATF/SP, and (2) Childs, Correctional Lieutenant at CSATF/SP.

Plaintiff seeks compensatory and punitive damages for physical and emotional

injuries and injunctive relief.

Plaintiff claims that Defendants Hernandez and Childs each deprived him of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment due process right to be free from deliberate indifference to the infliction of such punishment. Plaintiff was subjected to a total 180 days of disciplinary detention for two separate violations of prison rules. (Compl., pp. 4, 7, ECF No. 1.) The detention denied Plaintiff outside exercise and subjected Plaintiff to "harsh living conditions." (Id. at 4.)

Plaintiff complains that Defendants each acted pursuant to an "institutional operational procedure [and policy]... that was in direct conflict with ... California Code of Regulations ... [T]itle 15 [Section 3322]." (Id.) Plaintiff states that Section 3322 allows for more than 10 days of disciplinary detention only where the inmate "is determined to be an extreme danger [and where approved by the head of the institution and the director of corrections]." (Id.)   Plaintiff states he was "not found to be an extreme danger or any danger at all to other inmates or staff,". (Id.)

Defendant Hernandez was responsible for reviewing and approving disciplinary reports. (Id. at 5.) He reviewed and approved the total 180 days disciplinary detention. Plaintiff claims Defendant Hernandez did so knowing that the total 180 day disciplinary detention was contrary to Section 3322 and unconstitutional. (Id. at 5.) Defendant Childs was responsible for conducting inmate disciplinary hearings and for administering punishment. (Id.) Defendant Childs administered and implemented this disciplinary detention. Plaintiff claims he did so with knowledge the detention was contrary to Section 3322 and unconstitutional. (Id.)

///////

## IV.   ANALYSIS

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir.1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief ...." Fed.R.Civ.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

### A.   Linkage Requirement

The Civil Rights Act under which this action was filed provides:[1]

Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

The statute plainly requires that there be an actual connection or link between the

---

[1] 42 U.S.C. § 1983.

-4-

1
2
3
4
5
6
7
8

actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978).

9
10
11
12
13
14

Plaintiff alleges that Defendant Hernandez reviewed and approved the disciplinary report imposing the 180 day detention. This is an affirmative act by Defendant Hernandez which caused the allegedly unconstitutional detention to occur. Plaintiff has sufficiently alleged facts, for purposes of screening, that personally link Defendant Hernandez to the alleged violation of Plaintiff's rights.

15
16
17
18

Plaintiff alleges that Defendant Childs administered the 180 days disciplinary detention. This affirmative act in coordination with Defendant Hernandez's acts also caused Plaintiff's detention. Plaintiff alleges sufficient facts, for purposes of screening personally linking Defendant Childs to the alleged violation of Plaintiff's rights.

19
20

**B.    Eighth Amendment**

21
22
23
24

Plaintiff alleges that being deprived of outdoor exercise as part of his disciplinary detention was "cruel & unusual punishment" in violation of the Eighth Amendment. Plaintiff's Complaint does not contain factual allegations sufficient to support a claim of violation of the Eighth Amendment.

25
26
27

The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. Farmer v. Brennan, 511 U.S. 825, 832 (1994). The treatment a prisoner

receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. Helling v. McKinney, 509 U.S. 25, 31 (1993). In its prohibition of "cruel and unusual punishment," the Eighth Amendment places restraints on prison officials. Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). The Eighth Amendment also imposes duties on these officials, who must provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care, and personal safety. See Farmer, 511 U.S. at 832; DeShaney v. Winnebago County Dep't of Social Servs., 489 U.S. 189, 199–200 (1989); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir.1982).

Exercise is one of the basic human necessities protected by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 304 (1991). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979). Prison officials therefore may not deprive prisoners long-term of regular outdoor exercise. Id.

Deprivation of necessities by a prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, Farmer, 511 U.S. at 834 (citing Wilson, 501 U.S. at 298), and (2) the prison official possesses a sufficiently culpable state of mind. Id. (citing Wilson, 501 U.S. at 297). In determining whether a deprivation of a basic necessity, such as outdoor exercise, is sufficiently serious to satisfy the objective component, a court must consider the circumstances, nature and duration of the deprivation. Spain, 600 F.2d at 199; see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). To satisfy the subjective component, the requisite state of mind depends on the nature of the claim. In prison-conditions cases, the necessary state of mind is one of "deliberate indifference." See, e.g., Farmer, 511 U.S.

at 834.

In <u>Spain</u>, the Ninth Circuit held that the deprivation of outdoor exercise constituted cruel and unusual punishment where the inmates were confined to continuous segregation for a period of over four years under harsh conditions. <u>Spain</u>, 600 F.2d at 189. The plaintiffs were in continuous segregation, spending virtually twenty-four hours a day in their cells. <u>Id.</u> They had little contact with other people, lived in degrading conditions, and there was an atmosphere of fear and apprehension. <u>Id.</u> In addition, the prison provided no programs of training or rehabilitation. <u>Id.</u>

Plaintiff states he received two separate 90 day disciplinary detentions that included denial of access to the exercise yard. These detentions resulted from two separate violations of prison rules. Plaintiff does not state whether the 90 day detentions were "stacked", i.e., ran consecutively. Although long term denial of outdoor exercise is unconstitutional, <u>LeMaire v. Maass</u>, 12 F.3d 1444, 1457 (9th Cir. 1993), "a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation." <u>Norwood v. Vance</u>, 591 F.3d 1062, 1070 (9th Cir. 2010) (citing <u>May v. Baldwin</u>, 109 F.3d 557, 565 (9th Cir.1997); <u>see</u> <u>Pearson v. Ramos</u> 237 F.3d 881, 884 (7th Cir. 2001) (citing <u>Thomas v. Ramos</u>, 130 F.3d 754, 762-64 (7th Cir. 1997) "denial of yard privileges for no more than 90 days at a stretch is not cruel and unusual punishment."; <u>see also</u> <u>Rasho v. Walker </u>393 Fed. Appx. 401, 403 (7th Cir. 2010) (denial of prisoner's outdoor exercise privileges for violating prison rules did not violate Eighth Amendment's prohibition of cruel and unusual punishment, where the 90-day deprivation did not pose a substantial risk of serious harm that prison officials deliberately ignored.)

Plaintiff alleges that his outdoor exercise was curtailed, not from deliberate

indifference, but because Plaintiff violated prison rules. See Pearson, 237 F.3d at 885 (denial of yard privileges for a year for serious violations of prison disciplinary rules not cruel and unusual punishment where sanctions were proportional to the prisoner's infractions.) There is no evidence showing which prison rules Plaintiff violated and why disciplinary detention was imposed. See LeMaire, 12 F.3d at 1458 (loss of outdoor exercise privileges due to inmate misconduct "raises serious and legitimate security concerns within the prison.")

Pursuant to 42 U.S.C. § 1997e(e), the law is clear that, "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." In the absence of any allegation of facts showing actual injury, the Plaintiff also has failed to allege a claim which amounts to a constitutional violation. See, e.g., White v. Simpson, 2005 WL 425264 (N.D.Tex. Feb. 22, 2005) ("Despite his conclusory and self-serving assertion that outdoor exercise is essential to preserve health, plaintiff did not suffer any physical injury due to the lack of recreation. Under these circumstances, there is no constitutional violation.").

The Court will grant Plaintiff leave to amend his Eighth Amendment claim. In order to state a cognizable claim, Plaintiff must allege sufficient facts showing, in accord with the guidance provided above : (1) that the deprivation he suffered (outdoor exercise) was, objectively, sufficiently serious; (2) how each Defendant possessed a sufficiently culpable state of mind; and (3) that Plaintiff suffered actual injury.

## C.   Fourteenth Amendment

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to invoke the

protection of the Due Process Clause, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Id. Under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which ... imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir.2007).

Being confined to one's cell does not necessarily rise to the level of atypical and significant hardship. Id.; see also May, 109 F.3d at 565 (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); see also Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir.2000) (plaintiff's placement and retention in the special housing unit was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the special housing unit). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of due process.

It appears that Plaintiff is contending that the prison regulations create a liberty interest which was not honored or protected in his case. Though Plaintiff cites to the regulations, he fails to explain the interests they create. He does not  provide any evidence

regarding whether the disciplinary detention was approved pursuant to regulation. Thus, the Court finds that Plaintiff fails to state a claim and grants Plaintiff leave to amend.

If Plaintiff attempts to pursue this claim in his Amended Complaint, he should recognize that courts repeatedly find no liberty interest created by penal codes. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983) (finding no liberty interest in Hawaii statute on housing placement); Aggers v. Tyson, 2010 WL 4867602, *1 (E.D.Cal. Nov.15, 2010) (finding that Penal Code § 5068 does not create a liberty interest protected by the Due Process Clause). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. 472, 485 (1995).

**V.    CONCLUSION AND ORDER**

Plaintiff's Complaint does not state a claim for relief under Section 1983. The Court will grant Plaintiff an opportunity to file an amended complaint. Noll v. Carlson, 809 F.2d 1446, 1448–49 (9th Cir.1987). If Plaintiff opts to amend, he must demonstrate that the alleged wrongful acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter ... to 'state a claim that is plausible on its face.'" Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)). Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed.R.Civ.P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level ...." Twombly, 550 U.S. at 555.

Accordingly, it is **HEREBY ORDERED** that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint filed October 20, 2010;

2.      Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days from the date this order is filed; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim

///////

///////

//////

-11-

and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. §

1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:    December 28, 2011          /s/ *Michael J. Seng*

ci4d6                                UNITED STATES MAGISTRATE JUDGE

-12-