IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>                    Plaintiff,<br><br>vs.<br><br>CHILDS, et al.,<br><br>                    Defendants.<br>_____/ | CASE No.   1:10-cv-01962-LJO-MJS (PC)<br><br>ORDER DENYING PLAINTIFF'S REQUEST TO SUPPLEMENT FIRST AMENDED COMPLAINT BUT GRANTING LEAVE TO FILE A SECOND AMENDED COMPLAINT<br><br>(ECF No. 13)<br><br>THIRTY DAY DEADLINE |

**I.    PROCEDURAL HISTORY**

On October 20, 2010, Plaintiff Carl Ethridge, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff declined to extend Magistrate Judge jurisdiction for all purposes and proceedings. (Decline Magistrate, ECF No. 9.)

The Court screened Plaintiff's Complaint on December 29, 2011, and dismissed it for failure to state a claim, but gave leave to file an amended complaint. (Order Dismiss Compl., ECF No. 11.) Plaintiff filed a First Amended Complaint on January 23, 2012. (First. Am. Compl., ECF No. 12.) The First Amended Complaint has not yet been screened.

Pending before the Court is Plaintiff's supplemental amendment to First Amended Complaint filed on December 21, 2012, which the Court construes as a motion to supplement the First Amended Complaint. (Mot. Supp., ECF No. 13.)

## II. APPLICABLE LAW

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend his pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, a party may amend only by leave of the court, or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ . P. 15(a).

"Rule 15(a) is liberal and leave to amend shall be given when justice so requires." Amerisource Bergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006), quoting Fed. R. Civ. P. 15(a).

An amended pleading must be complete within itself without reference to another pleading. Partial amendments are not permissible. Local Rule 220.

## III. ANALYSIS

Here, Plaintiff asks to file a supplement to his underlying First Amended Complaint to include a demand for jury trial. Plaintiff's proposed supplement to the First Amended Complaint is deficient because it is not a complete pleading in and of itself, but instead is dependent upon the underlying pleading.

Any pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

If Plaintiff wishes to file a second amended complaint, he may do so within thirty days following service of this order. If he does so, he must file a pleading that is consistent with the foregoing standards and complete in and of itself.

1 | Should Plaintiff fail to file a second amended complaint within this thirty day period, the Court will assume he wishes to proceed on the underlying First Amended Complaint.

## IV. ORDER

Accordingly, for the foregoing reasons, it is HEREBY ORDERED that:

1. Plaintiff's supplemental amendment to First Amended Complaint construed as a motion to supplement the First Amended Complaint (ECF No. 13) is DENIED, and

2. Plaintiff is GRANTED leave to file a second amended complaint by not later than thirty days following service of this order, in the absence of a timely filed second amended complaint, this matter will proceed on the underlying First Amended Complaint.

IT IS SO ORDERED.

Dated:   January 2, 2013                /s/ *Michael J. Seng*
                                        UNITED STATES MAGISTRATE JUDGE