IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>            Plaintiff,<br><br>vs.<br><br>CHILDS, et al.,<br><br>            Defendants. | CASE No. 1:10-cv-01962-LJO-MJS (PC)<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND<br><br>(ECF No. 12)<br><br>AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SECOND SCREENING ORDER**

**I.      PROCEDURAL HISTORY**

On October 20, 2010, Plaintiff Carl Ethridge, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.)

The Court screened Plaintiff's Complaint on December 29, 2011, and dismissed it for failure to state a claim, but gave leave to file an amended complaint. (ECF No. 11.) Plaintiff filed a First Amended Complaint on January 23, 2012. (ECF No. 12.) The First Amended Complaint is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

### III. SUMMARY OF FIRST AMENDED COMPLAINT

Plaintiff alleges that Defendant Associate Warden Hernandez approved, and Defendant Lieutenant Childs administered a 6 month disciplinary detention that (1) violated prison regulations, and (2) imposed unconstitutional conditions of confinement.

More specifically, Plaintiff alleges that:

While an inmate at the California Substance Abuse and Treatment Facility ("CSATF"), he received two separate 90 day rules violations in late 2009 relating to alcohol.[1] Defendants approved and imposed a total 6 months disciplinary in-cell detention leaving Plaintiff alone in his cell 22 hours/day without outside exercise.[2]

His detention and exercise deprivation violated California Department of

---

[1] Plaintiff apparently does not challenge the prison's right to discipline him for rules violations, that he violated the rules, or the conduct of the disciplinary proceedings.

[2] Plaintiff variously alleges that he was denied "out-of-cell" exercise and access to the "exercise yard." (First Am. Compl. at 4.)

Corrections and Rehabilitation ("CDCR") regulations because it exceeded 10 days even though he was not found to be an extreme management problem or a threat to the safety and security of the institution. Cal. Code Regs. tit. 15, §§ 3330, 3322. Such conditions of detention were cruel and unusual in violation of the Eighth Amendment. The six months detention caused Plaintiff to suffer medical and mental problems including anxiety, high blood pressure, hospitalization due to chest pain, and hallucinations.

He names as Defendants (1) S. Childs, CSATF Correction Lieutenant, and (2) A. Hernandez, CSATF Associate Warden.

He seeks monetary compensation and an order that Defendants and unnamed corrections officials be enjoined from enforcing any policy not authorized by Title 15 that involves denying exercise for more than 10 days.

**IV.   ANALYSIS**

    **A.   Pleading Requirements Generally**

To state a claim under section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 1949–50.

**B.     Title 15 Claim Fails**

Plaintiff claims his disciplinary detention and exercise deprivation violated prison regulations.

1.     Disciplinary Detention and Exercise Deprivation Beyond 10 Days

An inmate shall not be confined to quarters or otherwise deprived of exercise as a disciplinary measure longer than 10 days without findings the inmate poses an extreme management problem or safety threat and written approval of the director, Cal. Code Regs. tit. 15 § 3322, or deputy director. Id. § 3330. The period of detention shall be noted by the warden/superintendent in the rules violation report stating the reasons and the total amount of detention imposed. Id.

"Inmates undergoing disciplinary detention will be permitted a minimum of one hour per day, five days per week, or exercise outside their cells unless security and safety considerations preclude such activity." Cal. Code Regs. tit. 15 § 3331(h); see Thomas v. Ponder, 611 F.3d 1144, 1152 (9th Cir. 2010) (Title 15 prohibits disciplining inmates by depriving them of outdoor exercise for more than ten days, absent extreme circumstances).

Plaintiff alleges that in early 2010 he was placed in disciplinary detention and denied outside exercise for six months. He implies, but fails to allege facts suggesting, such detention was unaccompanied by a finding he posed an extreme management problem or a serious safety or security threat. He cites to April 2007 Internal Classification Committee ("ICC") minutes showing he had a history of alcohol related offenses but no violent offenses, First Am. Compl., Ex. A, and asks the Court to conclude based thereon that he posed no such problem or threat relative to his 2010 disciplinary matter.

(It is unclear whether Plaintiff claims denial of out-of-cell exercise or denial of access to the outside exercise yard or both.  The cited regulations do not appear to give access to the outside exercise yard to all inmates not found to pose a management, safety or security threat.)

ICC minutes of a 2007 finding do not support the conclusion that Plaintiff's 2010 detention was unsupported by required Title 15 findings he posed an extreme management, safety or security problem. Plaintiff does not allege facts showing that prison officials did not make the regulatory findings required in connection with his extended disciplinary detention and exercise restriction.

### 2. Right to Sue for Title 15 Violation

Regardless of whether Plaintiff could allege a violation of Title 15, an inmate has no independent right to sue for same. The existence of regulations governing the conduct of prison employees does not necessarily entitle an inmate to sue civilly for their violation. The Court has found no authority to support a finding of an implied private right of action under Title 15, and Plaintiff has provided none. There are several district court decisions holding that there is no such right. E.g., Vasquez v. Tate, 2012 WL 6738167, at *9 (E. D. Cal. Dec. 28, 2012); Davis v. Powell, __ F.Supp.2d __, __, 2012 WL 4754688, at *9 (S.D. Cal. Oct. 4, 2012).

Accordingly, Plaintiff has not stated a claim for violation of Title 15 regulations. See Chappell v. Perrez, 2011 WL 2296816, *2 (E.D.Cal. June 8, 2011); Lamon v. Cate, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011). Since no such right exists, leave to amend this claim would be futile and will be denied.

### C. Eighth Amendment Claim Fails

Plaintiff claims the conditions of his 6 month disciplinary detention, confinement alone in his cell for 22 hours/day without outside exercise, violate the Eighth Amendment prohibition on cruel and unusual punishment.

The Eighth Amendment protects prisoners from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006). "[R]outine discomfort inherent in the prison setting" does not rise to the level of a constitutional violation. Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme deprivations are required to make out a conditions of confinement claim, and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently

grave to form the basis of an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994); Hudson v. McMillian, 503 U.S. 1, 9, 112 S.Ct. 995 (1992). In order to state a claim, the plaintiff must allege facts sufficient to support a claim that prison officials knew of and disregarded a substantial risk of serious harm. E.g., Farmer, 511 U.S. at 847; Thomas, 611 F.3d at 1150-51; Richardson v. Runnels, 594 F.3d 666, 672 (9th Cir. 2010).

Exercise is one of the basic human necessities protected by the Eighth Amendment. Wilson v. Seiter, 501 U.S. 294, 304 (1991). Some form of regular exercise, including outdoor exercise, "is extremely important to the psychological and physical well being" of prisoners. Spain v. Procunier, 600 F.2d 189, 199 (9th Cir. 1979). Prison officials therefore may not deprive prisoners long-term of regular exercise. See Spain, 600 F.2d at 199 (prolonged, twenty-four hour per day isolation in a cell without access to exercise can amount to a sufficiently serious deprivation to demonstrate cruel and unusual punishment). However, outdoor exercise may be restricted on the basis of weather, unusual circumstances, or disciplinary need. Id.

To state an Eighth Amendment claim, Plaintiff must demonstrate that conditions of his 6 month disciplinary deprivation "posed a substantial risk of serious harm" that Defendants deliberately ignored. See Farmer, 511 U.S. at 834; Delaney v. DeTella, 256 F.3d 679, 683 (7th Cir. 2001).

1. Objectively Serious Risk of Harm

The circumstances, nature, and duration of the deprivation must be considered in determining whether a constitutional violation has occurred. Johnson, 217 F.3d at 731.

Plaintiff does not allege facts sufficient to suggest a substantial risk of serious harm. He appears to claim that disciplinary detention, given his various alleged pre-existing health conditions, posed a serious risk of harm.[3] Yet he does not identify any

---

[3] Plaintiff alleges pre-existing severe high blood pressure, multiple sclerosis, seizures, migrain headaches, a heart condition and mental health issues. First Am. Compl. at 6.

such risk(s) peculiar to him nor does he describe then-existing medical chrono(s), treatment plans, or anything else that would suggest his detention posed a substantial risk he would suffer serious harm. His claim that he was treated for pre-existing conditions while in detention, or found disciplinary detention harsh, without more, is not sufficient to suggest a substantial risk.

Plaintiff also fails to explain the reasons for and terms or conditions of his detention and the nature of deprivations he suffered. He does not say what rule(s) he violated or describe his disciplinary history, rules violation proceeding findings, or whether he appealed the disciplinary decision and, if so, the results thereof.

Plaintiff fails to allege facts sufficient for the Court to determine his detention posed an objectively serious risk of harm. See Pearson v. Ramos, 237 F.3d 881, 885 (7th Cir. 2001) (four consecutive 90-day denials of out-of-cell exercise privileges for serious violations of prison disciplinary rules not cruel and unusual punishment where sanctions were proportional to the prisoner's infractions).

### 2. Deliberate Indifference

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057, quoting Farmer, 511 U.S. at 837. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Id., quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Mere negligence on the part of the prison official is not

sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835.

Plaintiff fails to allege facts sufficient to enable the Court to determine that Defendants approved and administered his 6 month disciplinary detention with deliberate indifference to a substantial risk of serious harm.

Even if Plaintiff had sufficiently alleged a substantial risk of serious harm, there are no facts suggesting Defendants had any awareness thereof, or that they approved and administered the detention other than pursuant to a duly conducted rules violation proceeding and determination thereunder. See LeMaire v. Maass, 12 F.3d 1444, 1458 (9th Cir. 1993) (loss of outdoor exercise privileges due to inmate misconduct "raises serious and legitimate security concerns within the prison."). A temporary denial of exercise may be permissible where it furthers a penologic purpose. May v. Baldwin, 109 F.3d 557, 565 (9th Cir. 1997).

Plaintiff was previously advised of these deficiencies yet failed to correct them in the First Amended Complaint. The Court will allow him **one last opportunity** to amend. If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating the above noted elements against each Defendant.

### D. Fourteenth Amendment Claim Fails

It may be that Plaintiff wants to claim his disciplinary detention violated a Fourteenth Amendment liberty interest arising from prison regulations.

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The Due Process Clause itself does not confer on inmates a liberty interest in avoiding "more adverse conditions of confinement." Wilkinson v. Austin, 545 U.S. 209, 221 (2005). The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of

prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

Determining whether a prison condition is "atypical and significant" requires consideration of the specific facts of each case. Keenan v. Hall, 83 F.3d 1083, 1089 (9th Cir. 1996). The Court considers three guideposts in framing the inquiry: (1) whether the challenged condition mirrored those conditions imposed upon inmates in administrative segregation and protective custody, and thus comported with the prison's discretionary authority; (2) the duration of the condition and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence. Serrano v. Francis, 345 F.3d 1071, 1078 (9th Cir. 2003).

Plaintiff's First Amended Complaint does not factually support a due process claim. There are not facts suggesting a violation of or deprivation under Title 15 regulations. He has not alleged facts sufficient to determine conditions of his detention gave rise to atypical and significant hardship. He fails to allege terms and condition of the punishment imposed, the degree of restraint and deprivation thereunder, and any impact of the punishment on his sentence. Plaintiff has no liberty interest in remaining in the general population (and the interests in life and property are not implicated in this context). Williams v. Clancy, 449 Fed.Appx. 87, 88 (3d. Cir. 2011); see Torres v. Fauver, 292 F.3d 141, 150 (3d Cir. 2002) ("Because disciplinary detention and 'administrative segregation [are] the sort[s] of confinement that inmates should reasonably anticipate receiving at some point in their incarceration,' Torres's transfer to 'less amenable and more restrictive quarters' did not implicate a liberty interested protected by the Due Process Clause"), quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983).

Simply being confined to one's cell does not necessarily rise to the level of atypical and significant hardship. See May, 109 F.3d at 565 (convicted inmate's due process claim fails because he has no liberty interest in freedom from state action taken within sentence imposed and administrative segregation falls within the terms of confinement ordinarily contemplated by a sentence); see also Resnick v. Hayes, 213

F.3d 443, 447 (9th Cir. 2000) (plaintiff's placement and retention in the special housing unit was within range of confinement normally expected by inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected liberty interest in being free from confinement in the special housing unit). Without establishing the existence of a protected liberty interest, plaintiff may not pursue a claim based on denial of due process.

Plaintiff, previously advised of the deficiencies in this claim, has failed to correct them. The Court will allow him **one last opportunity** to amend. If Plaintiff chooses to amend, he must set forth sufficient facts demonstrating the above noted elements against each Defendant.

In deciding whether to amend this claim, Plaintiff should recognize that courts repeatedly find no liberty interest created by penal codes. See Olim v. Wakinekona, 461 U.S. 238, 245-48 (1983) (finding no liberty interest in Hawaii statute on housing placement); Aggers v. Tyson, 2010 WL 4867602, *1 (E.D.Cal. Nov.15, 2010) (finding that Penal Code § 5068 does not create a liberty interest protected by the Due Process Clause). "Discipline by prison officials in response to a wide range of misconduct falls within the expected perimeters of the sentence imposed by a court of law." Sandin, 515 U.S. at 485.

### E.	Injunctive Relief Claim Fails

Plaintiff seeks injunctive relief against Defendant CSATF staff members and unnamed corrections officials enforcing Title 15 to deny exercise beyond 10 days unless authorized. First Am. Compl. at § V.

To prevail, the party seeking injunctive relief must show either "(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc., 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,

461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the PLRA, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff may not enjoin unnamed individuals not before the Court. Relief is not available against an unnamed party. Fed. R. Civ. P. 8(a).

Plaintiff is no longer incarcerated at CSATF. (ECF No. 15.) His request for injunctive relief against Defendants is moot where, as here, nothing indicates he will be transferred back to CSATF. See Preiser v. Newkirk, 422 U.S. 395, 402-03 (1975); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991); see also Andrews v. Cervantes, 493 F.3d 1047, 1053 n.5 (9th Cir. 2007).

Plaintiff, a non-attorney proceeding pro se, may not represent other inmates or seek injunctive relief against Title 15 enforcement on behalf of other inmates. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiff fails to allege facts suggesting the need for and entitlement to injunctive relief. If he chooses to amend, he should allege such facts as against each Defendant.

**F.     Plaintiff Must Exhaust Administrative Remedies**

Plaintiff asserts he exhausted his administrative remedies at all levels, but he fails to explain what happened at each level. First Am. Compl. at § II.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion of administrative remedies is required regardless of the relief sought by the prisoner. Booth v. Churner, 532 U.S. 731, 741 (2001). Proper exhaustion is required so

"a prisoner must complete the administrative review process in accordance with the applicable rules, including deadlines, as a precondition to bringing suit in federal court." Ngo v. Woodford, 539 F.3d 1108, 1109 (9th Cir. 2008), quoting Woodford v. Ngo, 548 U.S. 81 (2006).

If Plaintiff chooses to amend, he should allege facts showing how he exhausted administrative remedies at each level of prison appeal as to all named Defendants or that he was excepted from such exhaustion requirements.[4]

## V. CONCLUSIONS AND ORDER

Plaintiff's First Amended Complaint does not state a claim for relief under section 1983. The Court will grant Plaintiff **one last opportunity** to file an amended complaint consistent with the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948–49. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.' " Id. at 1949, quoting Twombly, 550 U.S. at 555. Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights. Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. As a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375

---

[4] See e.g., Sapp v. Kimbrell, 623 F.3d 813, 826 (9th Cir. 2010) (an exception to exhaustion has been recognized where a prison official renders administrative remedies effectively unavailable).

F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "Second Amended Complaint", refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. The Clerk's Office shall send Plaintiff (1) a blank civil rights amended complaint form and (2) a copy of his First Amended Complaint filed January 23, 2012;

2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3. Plaintiff shall file an amended complaint within thirty (30) days from service of this Order; and

4. If Plaintiff fails to file an amended complaint in compliance with this Order, it is recommended that this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   April 8, 2013          /s/ *Michael J. Seng*
                                 UNITED STATES MAGISTRATE JUDGE

-13-