IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE, | CASE No. 1:10-cv-01962-LJO-MJS (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS (1) FINDING COGNIZABLE CLAIM; (2) FINDING SERVICE OF SECOND AMENDED COMPLAINT APPROPRIATE, AND (3) FORWARDING SERVICE DOCUMENTS TO PLAINTIFF FOR COMPLETION AND RETURN WITHIN THIRTY DAYS |
| vs. | |
| S. CHILDS, et al., | |
| Defendants. | (ECF No. 17) |
| _____/ | OBJECTIONS DUE WITHIN FOURTEEN DAYS |

**I.     PROCEDURAL HISTORY**

On October 20, 2010, Plaintiff Carl Ethridge, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. (ECF No. 1.) The Court screened and dismissed the Complaint and First Amended Complaint for failure to state a claim, but allowed leave to file an amended pleading. (ECF Nos. 11, 16.) Plaintiff filed a Second Amended Complaint. (ECF No. 17.) The Second Amended Complaint is now before the Court for screening.

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has

1 | raised claims that are legally "frivolous, malicious," or that fail to state a claim upon
2 | which relief may be granted, or that seek monetary relief from a defendant who is
3 | immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or
4 | any portion thereof, that may have been paid, the court shall dismiss the case at any
5 | time if the court determines that . . . the action or appeal . . . fails to state a claim upon
6 | which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

7 | Section 1983 "provides a cause of action for the 'deprivation of any rights,
8 | privileges, or immunities secured by the Constitution and laws' of the United States."
9 | Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.
10 | Section 1983 is not itself a source of substantive rights, but merely provides a method
11 | for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,
12 | 393-94 (1989).

13 | **III.    SUMMARY OF SECOND AMENDED COMPLAINT**

14 | Plaintiff claims Defendants A. Hernandez, Associate Warden at the California
15 | Substance Abuse and Treatment Facility - Corcoran State Prison ("CSATF"); S. Childs,
16 | CSATF Correctional Lieutenant; and Secretary of the California Department of
17 | Corrections and Rehabilitation ("CDCR"), were involved in his receiving 180 days of
18 | disciplinary detention without due process and denying him out-of-cell exercise in
19 | violation of the Eighth Amendment.

20 | Plaintiff alleges that:

21 | During his incarceration at CSATF, he received rules violations relating to inmate
22 | alcohol for which Defendants approved and imposed a total 180 days disciplinary in-cell
23 | detention that denied all indoor and outdoor exercise.

24 | Defendants deliberately failed to make a finding Plaintiff was a management
25 | problem or a safety or security threat, and failed to get written approval of the director,
26 | which are required where detention exceeds ten days and denies exercise. Cal. Code
27 | Regs. tit. 15 § 3322.

28 | Defendants deliberately failed to provide for a psychological evaluation, which is

1  required where detention exceeds thirty days. Cal. Code Regs. tit. 15 § 3330.

2      Defendants were aware Plaintiff's pre-existing physical and mental conditions

3  created a serious risk of harm from disciplinary detention, yet deliberately failed to take

4  reasonable steps to address this risk.

5      Plaintiff suffered medical and mental problems including anxiety, high blood

6  pressure, hospitalization due to chest pain and hallucinations during his disciplinary

7  detention.

8      Plaintiff seeks damages and an order preventing the CDCR from denying

9  exercise for more than ten days and from imposing disciplinary detention longer than

10  thirty days - without due process.

11  **IV.   ANALYSIS**

12      **A.   Pleading Requirements Generally**

13      To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

14  that a right secured by the Constitution or laws of the United States was violated and (2)

15  that the alleged violation was committed by a person acting under the color of state law.

16  West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

17  1245 (9th Cir. 1987).

18      A complaint must contain "a short and plain statement of the claim showing that

19  the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

20  are not required, but "[t]hreadbare recitals of the elements of a cause of action,

21  supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

22  662, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544,

23  555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

24  claim that is plausible on its face.' " Id. Facial plausibility demands more than the mere

25  possibility that a defendant committed misconduct and, while factual allegations are

26  accepted as true, legal conclusions are not. Id. at 1949–50.

27      **B.   Linkage**

28      Pursuant to § 1983, Plaintiff must demonstrate that each named Defendant

-3-

1  personally participated in the deprivation of his rights, <u>Jones v. Williams</u>, 297 F.3d 930,

2  934 (9th Cir. 2002), i.e., that each Defendant, through his or her own individual actions,

3  violated Plaintiff's constitutional rights. <u>Iqbal</u>, 556 U.S. at 676–77.

4      Plaintiff fails to allege facts linking Defendant CDCR Secretary to the alleged

5  rights violations.

6      **C.   Conditions of Confinement**

7      The Eighth Amendment protects prisoners from inhumane conditions of

8  confinement. <u>Morgan v. Morgensen</u>, 465 F.3d 1041, 1045 (9th Cir. 2006).  "[R]outine

9  discomfort inherent in the prison setting" does not rise to the level of a constitutional

10  violation. <u>Johnson v. Lewis</u>, 217 F.3d 726, 731 (9th Cir. 2000). Rather, extreme

11  deprivations are required to make out a conditions of confinement claim, and only those

12  deprivations denying the minimal civilized measure of life's necessities are sufficiently

13  grave to form the basis of an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S.

14  825, 834 (1994); <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992). Plaintiff must allege facts

15  sufficient to support a claim that prison officials knew of and disregarded a substantial

16  risk of serious harm. <u>E.g.</u>, <u>Farmer</u>, 511 U.S. at 847; <u>Thomas v. Ponder</u>, 611 F.3d 1144,

17  1150-51 (9th Cir. 2010); <u>Richardson v. Runnels</u>, 594 F.3d 666, 672 (9th Cir. 2010).

18      1.   <u>Serious Risk of Harm</u>

19      Exercise is one of the basic human necessities protected by the Eighth

20  Amendment. <u>Wilson v. Seiter</u>, 501 U.S. 294, 304 (1991). Some form of regular

21  exercise, including outdoor exercise, "is extremely important to the psychological and

22  physical well being" of prisoners. <u>Spain v. Procunier</u>, 600 F.2d 189, 199 (9th Cir. 1979).

23  Prison officials therefore may not deprive prisoners long-term of regular exercise.

24      "Inmates undergoing disciplinary detention will be permitted a minimum of one

25  hour per day, five days per week, or exercise outside their cells unless security and

26  safety considerations preclude such activity." Cal. Code Regs. tit. 15 § 3331(h); <u>see</u>

27  <u>Thomas</u>, 611 F.3d at 1152 (Title 15 prohibits disciplining inmates by depriving them of

28  outdoor exercise for more than ten days, absent extreme circumstances).

Plaintiff claims that he was denied all indoor and outdoor exercise during the 180 day period of detention, notwithstanding physical and mental conditions suggested a need for, and a care provider recommended, exercise. Plaintiff also claims he was denied a required psychological evaluation, further contributing to the obvious and serious risk of harm to his psychological and physical well-being. Such facts, taken as true at this stage of the proceedings, are sufficient on screening to demonstrate a serious risk of harm. See Spain, 600 F.2d at 199 (prolonged, twenty-four hour per day isolation in a cell without access to exercise can amount to a sufficiently serious deprivation and demonstrate cruel and unusual punishment); Platt v. Brockenborough, 476 F.Supp.2d 467, 471 (E.D. Pa. 2007) (lack of exercise may amount to a constitutional violation where it poses a significant threat to an inmate's physical and mental well-being).     2.     Deliberate Indifference

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir.2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.' " Id. at 1057, quoting Farmer, 511 U.S. at 837. "If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk." Id., quoting Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1188 (9th Cir. 2002)). The prison official must "know[ ] of and disregard[ ] an excessive risk to inmate health or safety . . . ." Farmer, 511 U.S. at 837.

Thus, a prison official may be held liable under the Eighth Amendment for denying humane conditions of confinement only if he knows that inmates face a substantial risk of harm and disregards that risk by failing to take reasonable measures to abate it. Id. at 837–45. Mere negligence on the part of the prison official is not sufficient to establish liability, but rather, the official's conduct must have been wanton. Farmer, 511 U.S. at 835.

Plaintiff claims Defendants Hernandez and Childs were aware of his pre-existing

physical and mental conditions, the terms of his disciplinary detention and the lack of psychological evaluation, but failed to reasonably address the serious risks presented even though they had the opportunity to do so. Defendants' alleged failure to make findings of penological purpose in support of denial of exercise suggests the absence of a penological purpose. See Platt, 476 F.Supp.2d at 472 (near-total deprivation of the opportunity to exercise may violate the Eighth Amendment unless the restriction relates to a legitimate penological purpose).

Plaintiff claims his pre-existing severe high blood pressure, multiple sclerosis, seizures, migrain headaches, heart condition and mental health issues were exacerbated by the detention and required treatment. This is sufficient to suggest injury.

These allegations are sufficient on screening to demonstrate deliberate indifference by Defendants Hernandez and Childs to the serious risk of harm to Plaintiff arising from the detention. This claim should be found cognizable.

### D. **Due Process Violation**

The Due Process Clause protects against the deprivation of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The existence of a liberty interest created by prison regulations is determined by focusing on the nature of the deprivation. Sandin v. Conner, 515 U.S. 472, 481–84 (1995). Liberty interests created by state law are "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484; see also Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007).

When a prisoner faces disciplinary charges, prison officials must provide the prisoner with (1) a written statement at least twenty-four hours before the disciplinary hearing that includes the charges, a description of the evidence against the prisoner, and an explanation for the disciplinary action taken; (2) an opportunity to present documentary evidence and call witnesses, unless calling witnesses would interfere with institutional security; and (3) legal assistance where the charges are complex or the

1   inmate is illiterate. See Wolff, 418 U.S. at 563-70.

2        A violation of the prison's regulations does not violate the Due Process Clause
3   as long as the minimal protections outlined in Wolff have been provided. See Walker v.
4   Sumner, 14 F.3d 1415, 1419-20 (9th Cir. 1994), abrogated in part on other grounds by
5   Sandin, 515 U.S. at 483-84 (1995).

6        Plaintiff does not appear to challenge the prison's right to discipline him for the
7   rules violations, that he violated the rules, or the conduct of the disciplinary
8   proceedings. Nothing suggests Plaintiff was not provided with the protections afforded
9   under Wolff. Plaintiff fails to claim a procedural due process violation.

10       Where a particular amendment provides an explicit textual source of
11  constitutional protection against a particular sort of government behavior, that
12  Amendment, not the more generalized notion of substantive due process, must be the
13  guide for analyzing a plaintiff's claims. Patel v. Penman, 103 F.3d 868, 874 (9th Cir.
14  1996), overruled in part on other grounds as recognized by Nitco Holding Corp. v.
15  Boujikian, 491 F.3d 1086 (9th Cir. 2007. Plaintiff's claim relating to his disciplinary
16  detention is properly analyzed under the Eighth Amendment. Plaintiff fails to claim a
17  substantive due process violation.

18       Plaintiff having been advised of the deficiencies in this claim and afforded
19  several opportunities to correct them has failed to do so. Further leave to amend this
20  claim would be futile and should be denied.

21       **E.    Injunctive Relief**

22       To prevail, the party seeking injunctive relief must show either "(1) a likelihood of
23  success on the merits and the possibility of irreparable injury, or (2) the existence of
24  serious questions going to the merits and the balance of hardships tipping in [the
25  moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,
26  762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula
27  International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,
28  461 U.S. 95, 101–102 (1983) (plaintiff must show "real and immediate" threat of injury).

Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the federal right, and is the least intrusive means necessary to correct the violation of the federal right."

Plaintiff seeks an injunction preventing due process violations in disciplinary detention by the CDCR. However, his due process claim lacks merit for the reasons stated above. Plaintiff fails to allege facts suggesting he needs and is entitlement to injunctive relief. Leave to amend would be futile.

Plaintiff, a non-attorney proceeding pro se, may not represent other inmates. Fymbo v. State Farm Fire & Casualty Co., 213 F.3d 1320, 1321 (10th Cir. 2000); Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiff having been advised of the deficiencies in this claim and afforded opportunities to correct them has failed to do so. Further leave to amend would be futile and should be denied.

Defendant CDCR Secretary, first named in the Second Amended Complaint solely for purposes of injunctive relief sought therein, should be dismissed from this action with prejudice.

## V.   CONCLUSIONS AND ORDER

The undersigned concludes that Plaintiff's Second Amended Complaint states a cognizable Eighth Amendment conditions of confinement claim for damages against Defendants Hernandez and Childs, but no other claim.

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.   Plaintiff should proceed on the Second Amended Complaint Eighth Amendment conditions of confinement claim seeking damages against Defendants Hernandez and Childs;

2.   All other claims asserted in the Second Amended Complaint and

-8-

Defendant CDCR Secretary should be dismissed with prejudice;

      3.      Service should be initiated on the following Defendants:

            A. HERNANDEZ, Associate Warden, California Substance Abuse and Treatment Facility - Corcoran State Prison;

            S. CHILDS, Correctional Lieutenant, California Substance Abuse and Treatment Facility - Corcoran State Prison;

      4.      The Clerk of the Court should send Plaintiff two (2) USM-285 forms, two (2) summons, a Notice of Submission of Documents form, an instruction sheet and a copy of the Second Amended Complaint filed May 2, 2013;

      5.      Within thirty (30) days from the date of adoption of these Findings and Recommendations, Plaintiff should complete and return to the Court the Notice of Submission of Documents along with the following documents:

            a.      Completed summons;

            b.      One completed USM-285 form for each Defendant listed above; and

            c.      Three (3) copies of the endorsed Second Amended Complaint filed May 2, 2013; and

      6.      Upon receipt of the above-described documents, the Court should direct the United States Marshal to serve the above-named Defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

      These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1   District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

2

3

4   IT IS SO ORDERED.

5   Dated:   May 31, 2013                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28