1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

10

EASTERN DISTRICT OF CALIFORNIA

11
12

CARL ETHRIDGE,

Case No.  1:10-cv-1962-LJO-MJS (PC)

13

Plaintiff,

**FINDINGS AND RECOMMENDATIONS
TO GRANT DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT**

14

v.

15

S. CHILDS, et al.,

**(ECF No. 31)**

16

Defendants.

**FOURTEEN (14) DAY OBJECTION
DEADLINE**

17
18

## I.     PROCEDURAL HISTORY

19

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil

20

rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 6 & 7.) This action

21

proceeds against Defendants Hernandez and Childs on Plaintiff's Eighth Amendment

22

conditions of confinement claim. (ECF Nos. 18 & 19.)

23

Before the Court is Defendants' May 19, 2014 motion for summary judgment.

24

(ECF No. 31.) Plaintiff opposes the motion (ECF No. 34), and Defendants have filed a

25

reply (ECF No. 35). This matter is deemed submitted.

## II.    LEGAL STANDARD

26

Any party may move for summary judgment, and the Court shall grant summary

27

judgment if the movant shows that there is no genuine dispute as to any material fact

28

and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Wash. Mut. Inc. v. United States, 636 F.3d 1207, 1216 (9th Cir. 2011). Each party's position, whether it be that a fact is disputed or undisputed, must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed R. Civ. P. 56(c)(1).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, Soremekun v. Thrifty Payless, Inc., 509 F.3d 978, 984 (9th Cir. 2007), and it must draw all inferences in the light most favorable to the nonmoving party, Comite de Jornaleros de Redondo Beach v. City of Redondo Beach, 657 F.3d 936, 942 (9th Cir. 2011).

**III.    FACTUAL SUMMARY**

Based on the submissions of the parties (ECF Nos. 31, 32, & 34), the Court finds that the following facts are undisputed.

Plaintiff complains of acts that occurred during his incarceration at the Substance Abuse Treatment Facility (SATF), where he was housed from July 2008 through September 2012. (ECF No. 17, No. 32 at 1.) Plaintiff claims that, while at SATF, Defendants Hernandez and Childs denied Plaintiff out-of-cell exercise for a period of 180 days in violation of the Eighth Amendment. (ECF Nos. 18 & 19.) The deprivation of exercise allegedly was imposed in relation to Plaintiff being found guilty on two Rules Violation Reports ("RVRs"). The first RVR was issued on December 28, 2009, for possession of inmate manufactured alcohol. The second RVR was issued on December 30, 2009, also for possession of inmate manufactured alcohol.

Plaintiff filed two appeals regarding the RVRs, log numbers SATF-10-00361 and SATF-10-00524. (ECF No. 34 at 3-6.) Both appeals alleged that the processing of the RVRs violated Plaintiff's due process rights, and that the privilege restrictions imposed were excessive. Plaintiff pursued both appeals to the Director's Level of Review. (Id.)

1    Plaintiff filed a separate appeal, log number SATF-E-10-1773, regarding the
2  denial of adequate exercise. (ECF No. 32-7.) The appeal was denied at the first level of
3  review. (ECF No. 32-8.) Plaintiff attempted to pursue his appeal to the second level of
4  review, but the appeal was returned to Plaintiff as incomplete. Plaintiff was advised of
5  the specific documents that were required and the process for obtaining copies. (ECF
6  No. 32-9.) Thereafter, the appeal was "cancelled." (ECF No. 32-10 at 6.)

7  **IV.    ANALYSIS**

8      **A.    Motion for Summary Judgment for Failure to Exhaust**

9          **1.    Legal Standard – Exhaustion**

10    The Prison Litigation Reform Act ("PLRA") stipulates, "No action shall be brought
11 with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by
12 a prisoner confined in any jail, prison, or other correctional facility until such
13 administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).
14 Therefore, prisoners are required to exhaust all available administrative remedies prior
15 to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007).

16    "The primary purpose of a [prisoner's administrative] grievance is to alert the
17 prison to a problem and facilitate its resolution, not to lay groundwork for litigation."
18 Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009). "A grievance need not include
19 legal terminology or legal theories unless they are in some way needed to provide
20 notice of the harm being grieved. A grievance also need not contain every fact
21 necessary to prove each element of an eventual legal claim." Id. Instead, the grievance
22 must "alert the prison to the nature of the wrong for which redress is sought," and must
23 give the prison an opportunity "to reach the merits of the issue." Id. at 1120-21.

24    A motion for summary judgment is the proper means to raise a prisoner's failure
25 to exhaust administrative remedies. Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir.
26 2014). Defendants have the burden of proving Plaintiff failed to exhaust available
27 administrative remedies. See Jones, 549 U.S. at 216 (failure to exhaust is an affirmative
28 defense). A defendant's burden of establishing an inmate's failure to exhaust

3

administrative remedies has been characterized by the Ninth Circuit as "very low." Albino v. Baca, 697 F.3d 1023, 1031 (9th Cir. 2012). The defendant need only show the existence of a grievance procedure the plaintiff did not use. Id. (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." Albino, 747 F.3d at 1166. If material facts are disputed, summary judgment should be denied, and the district judge should decide disputed factual questions relevant to exhaustion "in the same manner a judge rather than a jury decides disputed factual questions relevant to jurisdiction and venue." Id. at 1170-71.

### 2. Parties' Arguments

Defendants argue that Plaintiff did not exhaust available administrative remedies for seeking relief from alleged inadequate exercise. (ECF No. 31.) Plaintiff filed an inmate appeal concerning this issue, but it was screened out at the second level of review because Plaintiff did not include required documents. Plaintiff was advised which documents were necessary but did not submit them, and the appeal was cancelled.

Plaintiff argues that he exhausted all administrative remedies. (ECF No. 34.) He contends that he exhausted two inmate appeals regarding the RVRs that led to his loss of privileges. He also exhausted the appeal regarding the denial of adequate exercise by appealing the cancelled appeal to the Director's Level of Review.

Defendants respond that the appeals regarding Plaintiff's RVRs do not discuss the allegation that Plaintiff was denied adequate exercise and therefore did not exhaust the claim alleged in the instant case. (ECF No. 35.)

### 3. Discussion

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoner complaints. Cal. Code Regs. tit. 15 § 3084.1. The process is initiated by submitting a CDCR Form 602. Id. at § 3084.2(a). It is completed at the third level of review, also known as the Director's Level of Review.

1    Id. at § 3084.7.

2        Exhaustion of administrative remedies under the PLRA requires that the prisoner

3    complete the administrative review process in accordance with the applicable

4    procedural rules. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney v. Carey, 311

5    F.3d 1198, 1199-1201 (9th Cir. 2002). An untimely or otherwise procedurally defective

6    appeal will not satisfy the exhaustion requirement. Woodford, 548 U.S. at 84.

7    Exhaustion does not always require pursuit of an appeal through the Director's Level of

8    Review. Whether a claim has been exhausted is a fact specific inquiry, and may depend

9    upon prison officials' response to the appeal. See Sapp v. Kimbrell, 623 F.3d 813, 823

10   (9th Cir. 2010) (improper screening of inmate's appeal renders administrative remedies

11   "effectively unavailable" such that exhaustion is not required); Nunez v. Duncan, 591

12   F.3d 1217, 1224 (9th Cir. 2010) (listing examples of exceptions to exhaustion

13   requirement from other circuits); Brown v. Valoff, 422 F.3d 926, 935-36 (9th Cir. 2005)

14   ("entirely pointless exhaustion" not required).

15       The materials provided by both Plaintiff and Defendants indicate that Plaintiff

16   failed to exhaust his administrative remedies. It is undisputed that Plaintiff initiated an

17   appeal with regard to the denial of adequate exercise. Defendants have submitted

18   Appeals Tracking System records that show that this appeal, log number SATF-E-10-

19   1773 was "cancelled" at the second level of review because Plaintiff did not submit

20   required documents. Plaintiff contends that he appealed the cancellation to the

21   Director's Level of Review. However, Plaintiff does not support this contention with

22   reference to declarations, depositions, answers to interrogatories, or authenticated

23   documents as required under Rule 56(c). There is no evidence before the Court

24   indicating that Plaintiff exhausted this appeal. Plaintiff's assertions are insufficient to

25   raise a genuine issue of material fact regarding this issue.

26       Plaintiff's two appeals regarding his RVRs did not exhaust his administrative

27   remedies. These appeals alleged that Plaintiff's due process rights had been violated in

28   adjudicating his guilt and imposing privilege restrictions. Those claims are not at issue in

the instant action. (ECF Nos. 18 & 19.) Allegations regarding the RVRs would not have put prison officials on notice that Plaintiff was not afforded adequate exercise or provided officials with an opportunity to redress that grievance. See Griffin, 557 F.3d at 1120-21. Although Plaintiff exhausted his appeals regarding the RVRs, he did not exhaust his remedies with regard to the claim alleged in this action.

## VI.    CONCLUSION AND RECOMMENDATION

The Court finds that Plaintiff has not met his burden of putting forth sufficient evidence to raise a genuine issue of fact regarding exhaustion.  Based on the foregoing, the Court HEREBY RECOMMENDS that Defendants' motion for summary judgment (ECF No. 31) be GRANTED, thus concluding this action in its entirety.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within **fourteen** (14) days after being served with these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153, 1156 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   November 4, 2014                      /s/ Michael J. Seng
                                       UNITED STATES MAGISTRATE JUDGE