UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL ETHRIDGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>S. CHILDS, et al.,<br><br>　　　　Defendants. | Case No.  1:10-cv-01962-LJO-MJS (PC)<br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(ECF Nos. 31, 36)**<br><br>**CLERK TO TERMINATE ALL PENDING MOTIONS AND CLOSE CASE** |

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. (ECF Nos. 1 & 6.) This action proceeds against Defendants Hernandez and Childs on Plaintiff's Eighth Amendment conditions of confinement claim. (ECF Nos. 18 & 19.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 of the United States District Court for the Eastern District of California.

On November 5, 2014, the Magistrate Judge issued Findings and a Recommendation to grant Defendants' motion for summary judgment on the ground Plaintiff had failed to exhaust his administrative remedies. (ECF No. 36.) Plaintiff filed objections to the Findings and Recommendations. (ECF No. 37.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1), the Court has

1 conducted a de novo review of this case. Having carefully reviewed the entire file, the
2 Court finds the Findings and Recommendation to be supported by the record and by
3 proper analysis.

4   Plaintiff's claim involves a 180-day deprivation of out-of-cell exercise imposed
5 after Plaintiff was found guilty of two Rules Violation Reports ("RVR"). Plaintiff
6 exhausted two administrative appeals that alleged his due process rights were violated
7 in adjudicating the RVRs. Plaintiff also alleged that the 90-day loss of privileges for each
8 offense was excessive, and requested that he be penalized for a "first violation." This
9 request was denied because Plaintiff had six prior RVRs for the same type of violation.

10   In his objections, Plaintiff contends that these appeals exhausted his
11 administrative remedies with respect to the instant claim because they challenged the
12 loss of privileges. However, Plaintiff's general challenge to the loss of privileges based
13 on his prior violations history would not have put prison officials on notice that he was
14 denied out-of-cell exercise in violation of the Eighth Amendment. See Griffin v. Arpaio,
15 557 F.3d 1117, 1120-21 (9th Cir. 2009). Plaintiff did not exhaust his administrative
16 remedies. His objections do not raise an issue of law or fact under the Findings and
17 Recommendations.

18   Accordingly, it is HEREBY ORDERED that:
19   1. The Court adopts the Findings and Recommendation (ECF No. 36) filed
20     on November 5, 2014, in full;
21   2. Defendants' motion for summary judgment (ECF No. 31), filed on May 19,
22     2014, is GRANTED;
23   3. The Clerk of the Court shall terminate all pending motions, enter
24     judgment, and close the case.

25 IT IS SO ORDERED.

26 Dated:   **November 24, 2014**          /s/ Lawrence J. O'Neill
                                           UNITED STATES DISTRICT JUDGE
27   4.
28